UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL G. PRICE,

    Plaintiff,                                                   Case No. 14-CV-11858
                                                           Hon. Robert H. Cleland

vs

COUNTY OF OAKLAND, a Constitutional
And Municipal Corporation, SHERIFF MICHAEL J.
BOUCHARD, in his individual and
Official capacities, and DETECTIVE
MARK FERGUSON, in his individual
And official capacities,

    Defendants.
_____/

| SOMMERS SCHWARTZ, P.C. | POTTER, DeAGOSTINO, O'DEA & PATTERSON |
|---|---|
| MATTHEW L. TURNER (P48706) | STEVEN M. POTTER (P33344) |
| MICHELLE D. TRENT (P77102) | RICK J. PATTERSON (P55706) |
| Attorneys for Plaintiff | THOMAS M. DeAGOSTINO (P34384) |
| One Towne Square, 17th Floor | ROBERT C. CLARK (P76359) |
| Southfield, MI 48076 | Attorneys for Defendants Oakland Co & Wolowiec |
| (248) 355-0300 | 2701 Cambridge Court, Suite 223 |
| | Auburn Hills, MI 48326 |
| | (248)377-1700 / Fax (248)377-0051 |
| | rjpatterson@potterlaw.com/spotter@potterlaw.com |
| | tdeagostino@potterlaw.com/rclark@potterlaw.com |

_____/

**STIPULATED PROTECTIVE ORDER**

This matter having come before this Honorable Court upon stipulation of the parties, through their respective counsel, and the Court being otherwise fully advised in the premises:

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. "Confidential Material" means:

    a. Documents and information which the party reasonably and in good faith believes is confidential and would not normally reveal to others including, but not limited to: personal documents, personnel files, medical records, Administrative Orders, Policies, Procedures, Rules and Regulations, internal departmental documents, and written and videotaped investigations of the Oakland County Sheriff's Department, Narcotics Enforcement Team ("NET"), and Oakland County. The designation of Confidential Material must have a basis in existing case law and/or statute.

    b. Any Confidential Material produced in response to any discovery request shall be designated as such by stamping the document "CONFIDENTIAL".

    c. Confidential Material shall be produced pursuant to the terms and conditions set forth in this Order. When a party produces material it designates Confidential Material, the party shall provide all parties with the general basis for the designation of the Confidential Material.

2. Access, use, and review of Confidential Material is limited to the parties' attorneys and their firms, who have signed this Order (the "Parties' Attorneys"), their retained experts, consultants, and employees of the parties who may testify as witnesses in the trial of this matter. Otherwise, Confidential Material shall not be publicized, referred to, or communicated

in any way to any other person or entity other than in connection with the discovery and preparation of trial or appeal of this action.

3. If a party believes that a designation of any information as Confidential Material is unwarranted, it may inform the designating party in writing within sixty (60) days of receipt of the material. Upon receiving the written objection(s), both parties shall negotiate in good faith to resolve their differences for a period not to exceed 14 days. Failing agreement, the producing party may file a motion with the Court for a ruling on its designation. The designating party shall file its motion within 14 days of the date which the parties reach an impasse. The burden of proving a designation of Confidential Material, shall remain with the designating party. If no written objection is made to the designation within the sixty (60) day period, objection to the designation shall be deemed waived, except for good cause shown. If the designating party fails to file a motion with the Court within fourteen (14) days of the date which the parties reach an impasse, the information shall not be considered Confidential Material.

4. The provisions set forth in paragraph three (3) above apply for a party's designation or assertion of the deliberative process privilege. To the extent such a designation and/or privilege is asserted, the party asserting the designation/privilege shall provide the basis for its assertion. To the extent the party asserts that the privilege precludes the production of documents and/or material, the asserting party shall produce a privilege log to all parties. Any disciplinary records contained in these files will be redacted to remove privileged information, such as conclusions of investigators or disciplinary actions, pursuant to the executive / deliberative process privilege. Defendants will produce a privilege log for redacted information. Nothing in this Order prevents Plaintiff from challenging an assertion of executive/deliberative privilege, if necessary.

5. Correction of Designation and Clawback

      a.    A producing party that fails to designate documents as "Confidential Material" at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of material, appropriately designated. Upon receipt of a notice of correction, the receiving party shall place the appropriate marking on the document to reflect its altered confidentiality status and certify that the original and all copies of the document have been appropriately marked. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mid-designation by the producing party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

      b.    A producing party that inadvertently produces any document or other information during discovery in this litigation that the producing party has a good faith reason to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information. Upon receipt of a written request for return by the inadvertently producing party, the receiving party (a) shall return the original and all copies of the documents within thirty (30) days of the request, and shall not use the information for any purpose except upon further order of the Court, or (b) object to the request as described below. In the event the receiving party objects to the return of the document, the receiving party shall move the Court for an order as to whether the production was inadvertent or whether the document or information is otherwise privileged or protected from discovery. All materials related to the inadvertently produced document or information, and motion, shall be treated as "Confidential Material" pursuant to this Order, unless otherwise ordered by the Court. If such a motion is

4

made within thirty (30) days of receiving the notice from the producing party of its claim of inadvertent production, the receiving party may retain the produced document or information until the Court resolves the motion. However, the receiving party shall not use the document or information for any purpose other than the motion except upon further order of the Court. If no such motion is made within thirty (30) days, the document or information and all copies shall be returned to the producing party and the receiving party will not be entitled to retain the document or information in any way. Failure to move within thirty (30) days and/or return the produced document or information shall not be deemed a waiver of such objection nor preclude subsequent motion by the receiving party. If the receiving party disclosed the document or information before being notified, it must notify the producing party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

   c. If "Confidential Material" is disclosed by a receiving party to anyone other than in a manner authorized by this Order, the receiving party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the producing party of the "Confidential Material" and make every reasonable effort to retrieve it and to prevent further disclosure.

   6. The recipient of any Confidential Material that is provided under this Order shall maintain such records in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such records as is exercised by the recipient with respect to its own proprietary information.

   7. Before disclosing Confidential Material to any person not a party to this Order, counsel for the party making the disclosure shall provide each such person with a copy of this Order. Each such person shall agree to the terms of this Order; agree to subject themselves to the

jurisdiction of this Court before receiving Confidential Material; and, will sign and date a copy of this Order stating that they have read this Order and will abide by its terms.

8. If requested by any governmental agency or by any party in civil litigation by subpoena or court order, the parties agree to respond to the request by advising the requesting party that all such documents are subject to this Order. Further, the parties shall give each other immediate notice of the request. The parties will not provide Confidential Material in response to the request until the other party has had reasonable time to intervene or otherwise protect its interests.

9. At their option, the parties will either return or destroy all copies of Confidential Material at the close of all appeals of this action. The Parties' Attorneys will represent in writing that they have returned or destroyed all Confidential Material or documents that contain Confidential Material.

10. The use of Confidential Material in the deposition of any witness shall be in compliance with this Order. When Confidential Material is disclosed in a deposition, the person making the disclosure shall state on the record that the use of the Confidential Material is subject to this Order and that the witness and his or her counsel are bound by the terms of this Order. If Confidential Material is referred to or referenced in any deposition or proceeding in this action, the portion of the transcript that refers to Confidential Material will be treated as confidential by the court reporter and the parties in accordance with this Order.

11. If any party wishes to use Confidential Material in connection with any brief, argument or filing in this action, the Confidential Material shall be submitted and filed under seal and shall be maintained by the Court under seal. Such Confidential Material so filed shall not be made available to anyone other than the Court, its clerks and the Parties' Attorneys.

12.     Confidential Material submitted to the Court is to be sealed in a 9 x 12 inch envelope. The envelope shall have the following information printed on its face: (1) the name of the court; (2) the title of the case:  (3) the case number; (4) the name of the document; (5) the attorney's name, address, and the party he or she represents; and (6) the following language: "Confidential Material Pursuant to Protective Order." A copy of the Protective Order shall also be attached to the outside of the envelope.

13.     Sixty days after the termination of this action by order or judgment, or by an appellate mandate if appealed, the Confidential Material submitted to the Court under seal pursuant to this Protective Order will be unsealed and placed in the public case file, unless counsel present a proposed order directing the Clerk's Office to return the Confidential Material to the parties responsible for their submission. An order for the return of protected documents to the parties or attorneys who submitted them shall require counsel to maintain one archival copy of deposition exhibits, transcripts, Court exhibits and transcripts, and documents and information included in submissions to the Court.

14.     This Protective Order is binding on all parties who have been served with a copy of this Order, and shall remain in full force and effect until modified, superseded, or terminated by written consent of the parties or by order of the Court.

15.     This Protective Order shall not constitute a waiver of the right of the parties to raise or assert any defense or objection including, but not limited to: objections regarding the use, relevance, and admissibility of any documents, testimony, or information subject to this Protective Order.

IT IS HEREBY ORDERED.

Dated: September 18, 2014

                              S/Robert H. Cleland
                              U.S. DISTRICT COURT JUDGE

Approved as to form and content:

| | |
|---|---|
| SOMMERS SCHWARTZ, P.C.<br>/s/Matthew L. Turner (P48706)<br>Attorneys for Plaintiff<br>One Towne Square, 17th Floor<br>Southfield, MI 48076<br>(248)355-0300 | POTTER, DeAGOSTINO, O'DEA & PATTERSON<br>/s/Robert C. Clark (P76359)<br>Attorneys for Defs Oakland Co & Wolowiec<br>2701 Cambridge Court, Suite 223<br>Auburn Hills, MI 48326<br>(248)377-1700 |